# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

MERRILL LYNCH PIERCE FENNER
& SMITH, INCORPORATED,

      Plaintiff,

v.                                Case No:   2:14-cv-272-FtM-38CM

HOWARD L. ISAACSON,

      Defendant.

_____

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff Merrill Lynch Pierce Fenner & Smith Incorporated's Petition to Confirm Arbitration Award ("Petition") (Doc. 1), filed on May 19, 2014, which was referred to the undersigned for a Report and Recommendation by the Honorable Sheri Polster Chappell on August 29, 2014. Defendant Howard L. Isaacson filed a letter answer stating that he opposed the Petition on May 30, 2014 (Doc. 4), but did not state on what grounds.   On November 11, 2014, the Court provided Defendant the opportunity to explain the basis for his objections to the Petition.   Doc. 12.   Within the time permitted, Defendant filed a Response.   Doc. 13.   Thus, the Petition is now ripe for review.   For the reasons set forth herein, it is recommended that the Petition be granted.

---

[1] Written objections may be filed within fourteen (14) days from the date of filing this Report and Recommendation.   A failure to file timely objections waives a party's right to *de novo* review.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02(a).

## I.   Background

Plaintiff Merrill Lynch Pierce Fenner & Smith Incorporated ("Merrill Lynch") is a national securities brokerage firm incorporated under the laws of the State of Delaware with its principal place of business in New York.   Doc. 1 at 1, 2. Defendant Howard L. Isaacson ("Defendant") is a former employee of Merrill Lynch who worked in its Naples, Florida office as a financial advisor beginning in September 2007.   *Id.*   The securities registration Defendant completed upon beginning his employment with Merrill Lynch included a form commonly known as a "U-4" that contained a provision by which he agreed to submit any disputes to arbitration.   *Id.* at 3; *see* Doc. 1-2 at 13 ¶ 5.   Defendant also executed a promissory note and received a loan from Merrill Lynch for $505,523.00.   Doc. 1-3.   According to Merrill Lynch, in December 2009 Defendant took advantage of an opportunity to modify his existing promissory note which extended the loan repayment period and reduced the annual interest rate.   Doc. 1 at 3.   Defendant executed a Promissory Note Modification and Extension Agreement on December 21, 2009.   *Id.*; Doc. 1-4.   He resigned from Merrill Lynch on March 26, 2013, at which time he owed an outstanding principal balance of $234,605.48 on the modified promissory note.   Doc. 1 at 3.

In addition to the arbitration provision in the U-4, both the original and modified promissory notes include a provision by which Defendant agreed to pay the costs of collection, including reasonable attorney's fees, in any action for enforcement of the note.   Doc. 1 at 2, 3; Doc. 1-3 at 3; Doc. 1-4 at 4 ¶ 5.   Pursuant to those documents, Merrill Lynch initiated an arbitration action on May 30, 2013 to collect

the balance due on the modified promissory note, asserting claims of breach of promissory note and unjust enrichment and for attorney's fees and costs.   Doc. 1 at 4; *see* Doc. 1-5.   Defendant did not submit an answer.   Doc. 1 at 4-5; *see also* Doc. 1-8 at 1, 3-4 (letter to FINRA senior case administrator noting Isaacson failed to answer within the time permitted and requesting that he be barred from untimely doing so, and moving for an award on the pleadings and for attorney's fees and costs).

On October 10, 2013, the Arbitrator issued an award, which awarded Merrill Lynch the full outstanding principal balance of $234,605.48, plus interest at a rate of 2.95% annually accruing from March 26, 2013 until the date of payment; $2,000.00 in attorney's fees; and $1,000.00 in costs.   Doc. 1-1 at 1.   The Arbitrator also found that Defendant had been served with the Statement of Claim, Notification of Arbitrator and an Overdue notice by certified mail, and therefore is bound by the Arbitrator's decision.   *Id.* at 2.   Merrill Lynch represents that the award has not been modified, vacated or corrected since being issued by the Arbitrator.   Doc. 1 at 5 ¶ 31.

Defendant's initial letter answer states that he opposes the Petition, but did not identify the basis for his opposition.   *See* Doc. 4.   Instead, Defendant stated that he is "currently experiencing financial difficulties and have not accumulated sufficient funds to engage an attorney to represent [him] in this matter."   *Id.* at 1. In his Response explaining the basis for his objections, filed when the Court permitted him an additional opportunity to do so after the time for filing a response long had expired, Defendant stated that he challenges the validity of the contract that is the

subject of the arbitration award; disagrees with the calculation of the amount owed; Merrill Lynch violates numerous FINRA rules and requirements and breaches several SEC regulations; and requests that he be permitted an additional opportunity to submit support for his stated objections.   Doc. 13 at 1-2.

## II.   Discussion

Title 9, United States Code, section 9, a provision of the Federal Arbitration Act ("FAA"), provides that at any time within one year after an arbitration award is made, any party to the arbitration may apply to the court for an order confirming the award.   Upon application for an order confirming an arbitration award, "the court *must* grant such an order unless the award is vacated, modified, or corrected" as set forth in Title 9, United States Code, Sections 10 and 11.   9 U.S.C. § 9 (emphasis added).   "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). *See also Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010) ("There is a presumption under the FAA that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible." (quotation marks omitted)).

Section 10 provides four statutory grounds upon which a court may vacate an arbitration award.   Specifically, those grounds are where the award was procured by corruption, fraud or undue means; where there was evident partiality or corruption of the arbitrators; where the arbitrators were guilty of misconduct by refusing to

postpone the hearing or hear pertinent evidence material to the controversy, or of other misbehavior that prejudices any party; or where the arbitrators exceeded their powers.   9 U.S.C. 10 (1)-(4).   Section 11 also sets forth three grounds upon which a court may modify or correct an arbitration award: where there was an evident material miscalculation or mistake in the award, where the arbitrator has awarded upon a matter not submitted to him that is material to the merits of the decision, or where the award is imperfect in form but not affecting the merits.   9 U.S.C. § 11 (a)-(c).   Merrill Lynch correctly asserts that because more than three months have elapsed since the issuance of the award, any attempt by Defendant to seek vacatur or modification of the award would be untimely pursuant to Title 9, United States Code, section 12.   *See* Doc. 1 at 5 ¶ 32.

In fact, Defendant now is barred from raising the invalidity of the award as a defense in opposition to Merrill Lynch's Petition for confirmation.   *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989) ("[T]he failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the United States Arbitration Act bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the USAA to confirm the award."); *see also Belz v. Morgan Stanley Smith Barney, LLC*, No. 3:13-cv-636-J-34MCR, 2014 WL 897048, at *8 (M.D. Fla. Mar. 6, 2014) ("Significantly, if a party fails to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the FAA, she is barred from 'raising the alleged invalidity of the award as a defense in opposition to

a motion brought under section 9 of the [FAA] to confirm the award.'" (alteration in original) (quoting *Cullen*, 863 F.3d at 854)).

It is therefore recommended that the Petition be granted.   Form U-4, completed by Defendant, states:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Section 4 (SRO Registration) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

Doc. 1-2 at 13 ¶ 5.   Merrill Lynch selected FINRA as the forum for the arbitration. Doc. 1-5.   Thus, pursuant to section 9 of the FAA and the provision of the U-4 by which Defendant agreed to submit to arbitration, Merrill Lynch properly seeks the entry of judgment in this Court in accordance with the arbitration award.   Merrill Lynch moved for confirmation within the one year statute of limitations set forth in section 9.   Defendant, however, failed to timely seek modification or vacatur of the award under section 12, and therefore is barred from raising the statutory bases for vacatur or modification set forth in sections 10 or 11 as defenses to the Petition.

## III.   Conclusion

Because Merrill Lynch timely moved for confirmation, and Defendant is barred from raising the statutory bases for vacatur or modification set forth in sections 10 and 11 as defenses to the Petition, the Court is bound by section 9 to confirm the award.

ACCORDINGLY, it is respectfully **RECOMMENDED**:

1.      That Plaintiff Merrill Lynch Pierce Fenner & Smith Incorporated's Petition to Confirm Arbitration Award (Doc. 1) be **GRANTED**, and the Arbitrator's Award be confirmed.

2.      That the Clerk be directed to enter judgment in accordance with the arbitration award.

**DONE** and **ENTERED** in Fort Myers, Florida on this 5th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* Defendant